IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES, KRISTI STAVRINIDES,<br><br>    Plaintiffs,<br><br>  v.<br><br>BELL HOME LOANS, INC.; MERS CORP; ONEWEST BANK, FSB; MERIDIAN FORECLOSURE SERVICE,<br><br>    Defendants.<br>_____/ | No. C 14-0573 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO FEDERAL CLAIMS; DEFERRING RULING AS TO STATE CLAIMS; AFFORDING PLAINTIFFS LEAVE TO FILE SECOND AMENDED COMPLAINT; VACATING APRIL 4, 2014 HEARING** |

      Before the Court is defendants OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), filed February 18, 2014. Plaintiffs Elias and Kristi Stavrinides have filed opposition, to which OneWest and MERS have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for April 4, 2014, and rules as follows.

## BACKGROUND

      On March 3, 2014, plaintiffs obtained a mortgage loan from Bell Home Loans, Inc. ("Bell"), which was secured by a Deed of Trust ("DOT") encumbering their home in Rohnert

Park, California.  (See FAC ¶¶ 6, 28.)  The DOT names Bell as the lender, North Bay Title as the Trustee, and MERS as the beneficiary.  (See id. at 28; see also Defendants' Request for Judicial Notice ("RJN") at Ex. 1.)  Thereafter, plaintiffs allege, the "loan was made into a security" when it was sold to the IndyMac Trust 2005-AR8 pursuant to a Pooling and Servicing Agreement ("PSA").  (FAC ¶¶ 19, 29.)

On October 13, 2010, MERS executed an Assignment of Deed of Trust ("ADOT"), which was recorded on October 22, 2010, and by which MERS conveyed all beneficial interest under the DOT to OneWest.  (See FAC Ex. A.)  On July 16, 2012, OneWest executed a Substitution of Trustee ("SOT") that named Meridian Foreclosure Service ("Meridian") as Trustee.  (See RJN at Ex. 2.)  On August 7, 2012, Meridian, acting as an agent for the beneficiary, executed a Notice of Default ("NOD").  (See RJN at Ex. 3; see also FAC ¶ 114.)  A Notice of Trustee's Sale was recorded on November 13, 2012, and the property was foreclosed upon and a Trustee's Deed Upon Sale was recorded on December 10, 2012.  (See RJN at Exs. 4-5; see also FAC ¶ 80.)

On December 3, 2012, plaintiffs filed the instant action in state court, and on February 6, 2014, OneWest and MERS removed the case to federal court.  By their FAC, plaintiffs bring causes of action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614, as well as various state law causes of action.

**DISCUSSION**

**I.    Federal Causes of Action**

**A.    Fifth and Seventh Causes of Action**

The Fifth Cause of Action alleges a violation of TILA, 15 U.S.C. § 1601 et seq., which statute requires, inter alia, that certain disclosures be made by creditors "[f]or each consumer credit transaction other than under an open end credit plan."  See 15 U.S.C. § 1638(a).  The Seventh Cause of Action, "Recission [sic]," alleges plaintiffs are "entitled to rescind the loan" based, in pertinent part, upon said violation.  (See FAC ¶ 136.)  OneWest and MERS argue plaintiffs' claims are barred by the statute of limitations.  Plaintiffs do not

2

address this argument in their opposition.

Plaintiffs' TILA claim is based on an allegation that OneWest and MERS "fail[ed] to provide [plaintiffs] with accurate material disclosures required under TILA," which, according to plaintiffs, required said defendants to "fully inform home buyers of the pros and cons of adjustable rate mortgages" and to "advise them to compare similar loan products with other lenders." (See FAC ¶ 122.) A claim for damages based on a failure to disclose as required by TILA must be brought "within one year from the date of the occurrence of the violation," see 15 U.S.C. § 1640(e), and the one-year limitations period "runs from the date of consummation of the transaction," King v. State of California, 784 F.2d 910. 915 (9th Cir. 1986). A claim for rescission under TILA must be made within "three years [of] the date of consummation of the transaction." See 15 U.S.C. § 1635(f). Here, as noted, plaintiffs allege they entered into the consumer credit transaction at issue "[o]n or about March 3, 2005" (see FAC ¶ 28), and, as noted, their initial complaint was not filed until December 3, 2012.

Although plaintiffs allege that "[a]ny and all statutes of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et seq. were tolled due to [d]efendants' failure to effectively provide the required disclosures and notices" (see FAC ¶ 123 (internal alteration omitted)), the FAC, as OneWest and MERS correctly point out, contains no facts demonstrating when plaintiffs discovered the alleged lack of required disclosures or any facts demonstrating why they could not have discovered such failure to disclose at an earlier time. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (holding, absent showing of undisclosed credit terms or fraudulent concealment that prevented them from discovering claim, plaintiffs were not entitled to equitable tolling because they were in "full possession of all information relevant to the discovery of a TILA violation and . . . damages claim on the day the loan papers were signed"); Hubbard v. Fid. Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding plaintiffs were not entitled to equitable tolling because "nothing prevented [them] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements").

3

Accordingly, the Fifth Cause of Action and, to the extent it is based on a violation of TILA, the Seventh Cause of Action will be dismissed with leave to amend to cure the above-noted deficiency. In addition, plaintiffs must identify in any such amended causes of action the particular information allegedly not disclosed and the section of the statute requiring such disclosure, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"), and, further, must specify the particular conduct on which each individual defendant's liability is alleged to be based, see, e.g., Romero v. Countrywide Bank, N.A., 740 F. Supp. 2d 1129, 1136 (N.D. Cal. July 27, 2010) (noting "[t]reating disparate parties identically without explanation . . . deprives each individual party of a fair and meaningful opportunity to defend itself").

### B. Sixth Cause of Action

The Sixth Cause of Action alleges a violation of RESPA, 12 U.S.C. § 2601 et seq., which statute, inter alia, prohibits "kickbacks and unearned fees." See 12 U.S.C. § 2607. OneWest and MERS argue plaintiffs' RESPA claim, like their TILA claims, is barred by the statute of limitations. Plaintiffs do not address this argument in their opposition.

Any action pursuant to § 2607 must be brought within one year "from the date of the occurrence of the violation." See 12 U.S.C. § 2614. Here, although the FAC is far from a model of clarity, plaintiffs' RESPA claim appears to be based on a fee agreement between Bell and an unidentified mortgage broker entered at or before the time of the original loan and/or some other form of improper payment occurring at or near the time of the ADOT. (See FAC ¶¶ 130 (discussing "legality of lender payments to mortgage brokers"); ¶ 133 (referencing "payments between the [d]efendants" in connection with ADOT).)

As with their TILA claim, plaintiffs fail to allege any facts demonstrating when they discovered any such improper payments, or facts demonstrating why such discovery could not have been made at an earlier time.

Accordingly, the Sixth Cause of Action will be dismissed with leave to amend to cure the above-noted deficiency. In addition, any such amended cause of action must contain

4

sufficient facts to describe the particular improper conduct on which the claim is based, see Iqbal, 556 U.S. at 678, as well as the particular participants in those acts, see, e.g., Romero, 740 F. Supp. 2d at 1136.

### C. Remaining Defendants

The remaining defendants, Meridian and Bell, have not appeared. The deficiencies identified above with respect to the Fifth, Sixth, and Seventh Causes of Action, however, are equally applicable to Meridian and Bell, and, accordingly, said causes of action will be dismissed as to Meridian and Bell as well, with leave to amend as described above. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants "in a position similar to that of moving defendants").

## III. State Law Causes of Action

Plaintiffs' remaining causes of action arise under state law, and, as the parties are not diverse in citizenship, the Court's jurisdiction over the state law claims is supplemental in nature. See 28 U.S.C. § 1367(a). Where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). Here, the Court will defer ruling on such claims pending the filing of a Second Amended Complaint.

## IV. Motion to Amend

In their opposition, plaintiffs state they "mistakenly omitted their allegations in support of their claim that both OneWest and [Meridian] were acting, at all time[s], solely, as Debt Collectors, in violation of [the Federal Debt Collection Practices Act ("FDCPA"),] 15 U.S.C. 1692 et seq." (See Opp'n ¶ 67.) Plaintiffs request leave to amend their complaint to add a claim under the FDCPA, which, plaintiffs state, is based on the allegation, contained in the FAC, that defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims" (see FAC ¶ 24; see also Opp'n ¶ 68).

5

To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Jara v. Aurora Loan Servs., LLC, 2011 WL 6217308 at *3 (N.D. Cal. Dec. 14, 2011). In their opposition, plaintiffs fail to explain how defendants' alleged activities constitute prohibited debt collection as defined by the FDCPA. Nevertheless, the Court will afford plaintiffs leave to amend to plead, if they are able to do so, a cause of action under the FDCPA that meets the pleading standards discussed above.

**CONCLUSION**

For the reasons stated above:

1. To the extent OneWest and MERS's motion to dismiss seeks dismissal of plaintiffs' federal claims, the motion is hereby GRANTED, and plaintiffs are hereby afforded leave to amend as described above.

2. Plaintiffs' request to amend to add a claim alleging a violation of the FDCPA is hereby GRANTED.

3. To the extent the motion seeks dismissal of the state law claims, the Court hereby DEFERS ruling pending plaintiffs' filing, if any, of a Second Amended Complaint.

4. Any such amended pleading shall be filed no later than April 23, 2014, and, with the exception of a claim under the FDCPA, plaintiffs may not add any new federal or state law claims, nor may they add any new defendant, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

Dated: April 2, 2014

MAXINE M. CHESNEY
United States District Judge