United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ELIAS STAVRINIDES, KRISTI              No. C 14-0573 MMC
     STAVRINIDES,
12                                          **ORDER GRANTING DEFENDANTS'**
                    Plaintiffs,             **MOTION TO DISMISS AS TO FEDERAL**
13                                          **CLAIM; DENYING MOTION AS TO**
          v.                                **STATE CLAIMS AND REMANDING TO**
14                                          **STATE COURT; VACATING HEARING**
     BELL HOME LOANS, INC.; MERS CORP;
15   ONEWEST BANK, FSB; MERIDIAN
     FORECLOSURE SERVICE,
16
                    Defendants.
17   _____/

18

19        Before the Court is defendants OneWest Bank, N.A. ("OneWest") and Mortgage

20   Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiffs' Second

21   Amended Complaint ("SAC"), filed May 13, 2014.  Pursuant to the Civil Local Rules of this

22   District, opposition was due no later than May 27, 2014. See Civil L. R. 7-3(a) (providing

23   opposition to motion must be served and filed no later than 14 days after the motion is

24   served and filed).  To date, no opposition has been filed.

25        Having read and considered the moving papers, the Court deems the matter suitable

26   for determination on the parties' respective written submissions, VACATES the hearing

27   scheduled for June 20, 2014, and rules as follows.

28

**BACKGROUND**

On December 3, 2012, plaintiffs filed the instant action in state court, challenging a foreclosure under the deed of trust securing the loan on their home.  On February 6, 2014, after plaintiffs amended their complaint to add two federal causes of action, OneWest and MERS removed the case to federal court.  By order filed April 2, 2014, the Court granted defendants' motion to dismiss the federal causes of action, finding said causes of action were barred by the applicable statutes of limitation, and afforded plaintiffs leave to amend to allege facts to support equitable tolling, as well as to add a federal cause of action under the Federal Debt Collection Practices Act ("FDCPA"); the Court deferred ruling on plaintiffs' state law causes of action.

On April 24, 2014, plaintiffs filed their SAC.  The sole federal cause of action alleged therein is a claim under the FDCPA; plaintiffs also reallege their various state law causes of action.

**DISCUSSION**

**A.      Federal Cause of Action**

In their Fifth Cause of Action, plaintiffs allege a violation of the FDCPA, 15 U.S.C. §§ 1692-1692p.  To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: "(1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."  Jara v. Aurora Loan Servs., LLC, 852 F. Supp. 2d 1204, 1210 n.8 (N.D. Cal. March 30, 2012); see also 15. U.S.C. § 1692(e) (providing FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

Here, plaintiffs' FDCPA claim is based on the allegation that defendants, in violation of 15 U.S.C. § 1692g, "fail[ed] to verify the purported debt" after plaintiff "demanded" such

1    verification, as well as upon the foreclosure itself.  (See SAC ¶¶ 92, 93, 95); see also 15

2    U.S.C. § 1692g (requiring debt collector to "cease collection of [disputed] debt . . . until the

3    debt collector obtains verification of the debt or a copy of the judgment").  Defendants

4    argue that neither the alleged "fail[ure] to verify" the debt nor the initiation of foreclosure

5    proceedings constitutes "debt collection" under the statute.  The Court agrees.

6         Although the Ninth Circuit has not determined whether the act of foreclosing

7    pursuant to a deed of trust constitutes debt collection activity under the FDCPA, the

8    majority of courts in this district, as well as in other districts in this circuit, have concluded

9    that it is not.  See, e.g., Hanaway v. JPMorgan Chase Bank, 2011 WL 672559, at *3-4

10   (C.D. Cal. Feb. 11, 2011) (holding foreclosure is not debt collection under FDCPA; noting

11   "transfer in interest is the aim of a foreclosure, and not the collection of debt"); see also

12   Cromwell v. Deutsche Bank Nat. Trust Co., 2012 WL 244928, at *2 (N.D. Cal. Jan. 25,

13   2012) (collecting cases).  The Court finds such authority persuasive, and, consequently,

14   finds defendants' efforts to foreclose did not subject them to the FDCPA's requirements.

15   See Avila v. Wells Fargo Bank, 2012 WL 2953117, at *8 (N.D. Cal. July 19, 2012) (finding

16   § 1692g did not require foreclosing defendants to respond to plaintiff's "validation of debt

17   notice"; granting motion to dismiss without leave to amend).

18        Accordingly, plaintiffs' Fifth Cause of Action, as alleged against OneWest and

19   MERS, will be dismissed with prejudice.[1]

20        The remaining defendants, Meridian Foreclosure Service ("Meridian") and Bell Home

21   Loans, Inc. ("Bell"), have not appeared.  The deficiencies identified above with respect to

22   the Fifth Cause of Action are, however, equally applicable to Meridian and Bell, and,

23   accordingly, said cause of action will be dismissed as to Meridian and Bell as well.  See

24   Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court

25   grants motion to dismiss as to one defendant, court may dismiss claims against non-

26   moving defendants "in a position similar to that of moving defendants").

27   _____

28        [1] In light of said ruling, the Court does not address herein defendants' other
     arguments in support of dismissal of plaintiffs' federal claim.

3

**B.      State Law Causes of Action**

Plaintiffs' remaining causes of action arise under state law, and, as the parties are not diverse in citizenship, the Court's jurisdiction over the state law claims is supplemental in nature.  See 28 U.S.C. § 1367(a).  Where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims.  See 28 U.S.C. § 1367(c)(3).  In this instance, given the early stage of the proceedings, and there appearing no considerations weighing against remand, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims in the SAC.

Accordingly, plaintiffs' remaining claims will be remanded to state court, pursuant to 28 U.S.C. § 1367(c)(3).[2]

**CONCLUSION**

For the reasons stated above:

1.  To the extent OneWest and MERS move to dismiss the Fifth Cause of Action, the motion is hereby GRANTED, and the Fifth Cause of Action is hereby DISMISSED as to all defendants named therein.

2.  To the extent OneWest and MERS move to dismiss the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action, the motion is hereby DENIED without prejudice to refiling, and said claims are hereby REMANDED to the Superior Court of the State of California, in and for the County of Sonoma.

3.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 12, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of said ruling, the Court does not address herein defendants' arguments in support of dismissal of the state law claims.  Further, in light of the remand, the June 20, 2014 hearing date for OneWest and MERS's Motion to Expunge Lis Pendens is hereby VACATED, and the motion may be renoticed as appropriate in state court.